IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00137-BNB

MACK W. THOMAS,

    Plaintiff,

v.

WARDEN MILYARD, Sterling Correctional Facility,
ASSOCIATE WARDEN BROADDUS, Sterling Correctional Facility,
CARRIE LEONARD, Sterling Correctional Facility,
LT. JASON ZWIRN, Sterling Correctional Facility, and
LT. RONALD ORTIZ, Sterling Correctional Facility,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Mack W. Thomas is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Thomas has filed *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Thomas is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Thomas will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, Mr. Thomas fails to set forth clearly and concisely the specific claims for relief he is asserting in this action. Mr. Thomas lists two numbered claims in the complaint. In both numbered claims he complains about the same prison disciplinary

conviction and about racial discrimination against black inmates generally. Construing the complaint liberally, it appears that Mr. Thomas is asserting a due process claim based on the disciplinary conviction and an equal protection claim based on the alleged racial discrimination. The due process and equal protection claims arise under the Fourteenth Amendment. However, Mr. Thomas alleges in the complaint that his rights under the First, Eighth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendments have been violated. It is not clear what claims Mr. Thomas may be asserting beyond the due process and equal protection claims described above. Therefore, he will be ordered to file an amended complaint to clarify the claims he is asserting.

Mr. Thomas is reminded that he must allege specific facts in the amended complaint that demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. For example, although he names Warden Milyard as a Defendant in this action, he does not allege any facts to demonstrate that Warden Milyard personally participated in the asserted constitutional violations. Mr. Thomas also apparently seeks to hold Associate Warden Broaddus liable for the actions of other individuals on the basis of respondeat superior. He may not do so.

Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Thomas must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on

a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Finally, Mr. Thomas must clarify in his amended complaint how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Thomas must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Thomas has not exhausted administrative remedies for each claim, the entire complaint must be dismissed.

Mr. Thomas attaches to the complaint a copy of the administrative appeal he filed following his disciplinary conviction. However, that copy is illegible and does not demonstrate that Mr. Thomas has exhausted administrative remedies for all of the

issues he raises in his due process claim challenging the disciplinary conviction. Furthermore, there is no indication that Mr. Thomas has exhausted administrative remedies for his equal protection claim challenging racial discrimination generally or for any other claims he may assert that are not related to the disciplinary conviction. Accordingly, it is

ORDERED that Mr. Thomas file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Thomas, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Thomas fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Petition for Production of Documents and Things Pursuant to Rule 34" filed on January 26, 2006, is denied as premature.

DATED February 24, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00137-BNB

Mack W. Thomas
Prisoner No. 54954
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2-24-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk